Todd E. Zenger (5238)
KIRTON McCONKIE
36 S. State Street, Suite 1900
Salt Lake City, Utah 84111
Phone: (801) 328-3600
Fax: (801) 212-2104
Email: tzenger@kmclaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LHF PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1- 28,<br><br>Defendants. | Civil Action No. 2:16-CV-1238-DBP<br><br>Magistrate Judge Dustin B. Pead<br><br>**LHF MOTION TO STRIKE AND IN THE ALTERNATIVE COMBINED OPPOSITION TO DEFENDANT GP'S MOTION TO QUASH (ECF 9) AND OPPOSITION TO DEFENDANT GP'S MOTION TO PROCEED UNDER A PSEUDONYM (ECF 8)** |

LHF Productions, Inc. ("LHF") submits this motion to strike and in the alternative Opposition to Pseudonym Defendant GP's ("GP") (aka Doe 8) motion to quash (ECF No. 9, filed March 1, 2017). GP's filing and motion fail for a number of reasons.

## I. CONCISE STATEMENT OF FACTS AND SPECIFIC RELIEF REQUESTED

### A. Relevant Facts

1. GP has obtained Internet Access through Comcast Cable. Complaint, ECF No. 2, Exhibit B, Doe 8.

2. GP was required to agree to Comcast's Acceptable Use Policy for internet services found at www.xfinity.com/Corporate/Customers/Policies/HighSpeedInternetAUP.html including:

   - "All residential XFINITY Internet customers (the "customer," "user," "you," or "your") and all others who use the Service must comply with this Policy. Your failure, or others' failure, to comply with this Policy could result in the suspension or termination of your or their Service accounts. Therefore, you should take steps to ensure that others you permit to use your Service are aware of this Policy and agree to abide by it. If you are unwilling to comply with this Policy, you must immediately stop all use of the Service and notify Comcast so that it can close your account."

   - "You are also responsible for any use or misuse of the Service that violates this Policy by anyone else you permit to access the Service (such as a friend, family member, or guest) …."

   - "Prohibited Uses and Activities" include those which "infringe the rights of others" such as "posting, storing, transmitting or disseminating information, data or material which … infringes the intellectual property rights of any person or entity."

   - In particular, GP was warned about copyright infringement as an unacceptable use: "Comcast is committed to complying with U.S. copyright and related laws, and requires all customers and users of the Service to comply with these laws. Accordingly, you may not store any material or content on, or access, share or disseminate any material or content over, the Service (or any part of the Service) in any manner that constitutes an infringement of third party intellectual property rights, including rights granted by U.S. copyright law."

3. Comcast has assigned IP 67.166.108.180 to GP over which GP accesses the internet.

4. GP has disclosed GP's actual name, mailing address, phone number and email address Comcast.

5. GP has received written communication from Comcast out this infringement action at GP's mailing address as confirmed by this motion.

6. In this matter, court docket records present GP's address at 236 Pyrenees, Alpine, Utah 84004.
7. GP has sought leave of the court to proceed under the GP pseudonym.
8. GP has provided neither the Plaintiff nor the court with sufficient contact information to permit either Plaintiff or the Court to contact GP other than by mail.
9. GP has filed no affidavit or declaration in support of its motion.
10. GP has not denied being a Comcast subscriber.
11. GP has not denied being the subscriber of IP 67.166.108.180.
12. GP has not denied using IP 67.166.108.180 to access the Internet.
13. GP has not denied that the alleged BitTorrent swarm to obtain Plaintiff's copyrighted motion picture *London Has Fallen* occurred over GP's Internet service.
14. *London Has Fallen* is a feature film shown in theaters.

**B. Specific Relief Requested**

GP has not complied with local rule requiring certification of conferring with LHF before seeking this Court's assistance in this Rule 45-discovery dispute. For these material missteps, ECF No. 9 should be stricken or denied.

GP has neither presented the proper standard under Rule 45 for quashing a subpoena nor presented supporting facts or evidence to meet the Rule 45 standard. GP has not even presented this Court with a copy of the disputed subpoena as required by local rules.

GP's arguments are improperly directed to the merits of liability by GP. GP has presented no probative evidence to disprove BitTorrent software was used over GP's Internet to cooperate with others to obtain and share the same unauthorized copies of LHF's copyright movie *London Has Fallen.* LHF has presented a prima facie case of cooperative infringement

among the Doe defendants sufficient to support direct and indirect liability. GP's motion ECF No. 9 seeking to quash should be stricken or denied.

## II. ARGUMENT POINTS AND AUTHORITIES

### A. GP's apparent basis for seeking to proceed under a pseudonym has not complied with Rule 11.

The Federal Rules of Civil Procedure require that any person filing a motion in this Court identify himself and provide his address, e-mail address and telephone number in the motion paper. While GP appears to have provided a street address, GP has failed to otherwise comply with Rule 11.

Fed.R.Civ.P. 11(a) requires: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name— or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." This is necessary for a number of reason including public access to court proceedings and for judicial administration and for compliance with premotion requirements for motion practice.

"[P]arties to a lawsuit must typically openly identify themselves in their pleadings to protect the public's legitimate interest in knowing all the facts involved, including the identities of the parties." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C.Cir.1995) (internal quotation marks and citation omitted). The public has a common law right of access to judicial records, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), and allowing a party to litigate anonymously undermines that public right.

This Court and LHF are unable to contact GP for the efficient administration of justice. For example, LHF is unable to attempt to resolve this subpoena issue without assistance of the court as required by local rule[1] because GP has provided only a street address.

Federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity or pseudonymity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. *Does I Through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir.2000); *accord S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir.1979) ( "Where the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." ) (internal quotation marks and citations omitted).

In this case, the motion paper of GP not filed under seal has made no showing of the requisite harassment, injury, ridicule or personal embarrassment. This case involves a mainstream feature film and infringement thereof.

Proceeding without disclosing a party is rare. In determining whether to grant the rare dispensation of anonymity or pseudonymity to a litigant, the Court must take into account the risk of unfairness to the opposing party as well as the general presumption of openness in judicial proceedings. *Microsoft*, 56 F.3d at 1464. Other relevant factors to be considered by the Court include whether identification creates a risk of retaliatory physical or mental harm, whether anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and whether the anonymous party may be compelled to admit his or her intention to engage in

[1] DUCivR 37-1 (a) (1)-(4).

illegal conduct, creating a risk of criminal prosecution. *Advanced Textile Corp.*, 214 F.3d at 1068.

Again, the publically available motion paper of GP has made no showing to overcome the presumption against proceeding anonymously.

In this case, the GP apparently attempts to proceed under a pseudonym in order to prevent Plaintiff from obtaining GP's name. However, GP has provided an address from which the household name may be derived from public land records; the very same contact information which GP has already provided to Comcast.

Moreover, it appears GP is doing so in order to avoid being named for allegedly infringing Plaintiff's copyrighted film. Many courts have uniformly held that the privacy interest in such identifying information is minimal and not significant enough to warrant the special dispensation of filing without the party's actual name because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties. *E.g.*, *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979); *U.S. v. Miller*, 425 U.S. 435, 442-43 (1976); *Couch v. U.S.*, 409 U.S. 322, 335-36 (1973); *Guest v. Leis*, 255 F.3d 325, 335 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *U.S. v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000); *U.S. v. Hambrick*, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), *aff'd*, 225 F.3d 656 (4th Cir. 2000). For example, attempting to hide from copyright infringement is not among the limited class of cases in which anonymous filing is necessary to protect the recognized privacy interests.

Therefore, this Court should strike or deny GP's attempts to proceed under a pseudonym in this case.

**B. GP's Motion to Quash does not Meet the Quash Standards of Rule 45**

GP has presented a number of arguments in support of his motions. However, none of them establish or meet the standard established by Federal Rule of Civil Procedure 45. Rule 45 provides that on timely motion, the issuing court must quash or modify a subpoena that, inter alia, " requires disclosure of privileged or other protected matter, if no exception or waiver applies," or " subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3).

GP has argued not privilege. GP has presented no undue burden at this initial discovery stage of the case.

Most tellingly, GP has not denied that the someone using GP's Internet with GP's permission downloaded and/or distributed Plaintiff's copyrighted film. LHF has already presented a prima facie of just that.

While GP does make some arguments these arguments do not meet the Rule 45 standard. Similarly, the arguments made by GP including alleged unreliability of IP tracking and alleged misidentification of the infringer are likewise irrelevant to the motion to quash. Such arguments are essentially irrelevant and premature because they go to the merits of Plaintiff's claims and do not address the material issues relevant to the third-party subpoena to Comcast. *E.g., West Coast Prod., Inc. v. John Does 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011)(non-infringements arguments are irrelevant to a motion to quash a third-party subpoena).

This Court has authorized Plaintiff to serve subpoenas on ISPs for the limited purpose of identifying the individuals associated with the IP addresses that were allegedly used to infringe Plaintiff's copyright. Whether these individuals are actually liable is a contested issue of fact that remains to be litigated as to infringement, and any later assertions by GP of innocence or noninfringement, if any, do not give the Court a proper basis to quash or modify the subpoena seeking his contact information related to copyright infringement. *Id.*

Internet copyright infringement activity is not protected by the First Amendment and/or a constitutional right to privacy; identifying information associated with disputes as to copyright infringement are properly disclosed by the ISP as demanded by the subpoenas. *E.g., Arista Records LLC v. Does 1-19,* 551 F.Supp.2d 1, 8-9 (D.D.C.2008) ("courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the ‘ speech’ at issue is the alleged infringement of copyrights."). Where, as here, the LHF has made a *prima facie* claim of copyright infringement, LHF's need for disclosure outweighs any First Amendment privacy interests that may be at stake. *Id.*; accord *Sony Music Entm't, Inc. v. Does 1-40*, 326 F.Supp.2d 556, 567 (S.D.N.Y.2004) ("Defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." ).

This Court should similarly recognize that just as the wearing of the mask by a tort-feasor does not permit the tort-feasor to escape facing the merits of tort allegations when unmasked, so the attempted Internet mask of anonymity should not permit the infringer[2] to shield himself from view and from openly facing the merits of factually supported copyright infringement allegations. Therefore, this Court should deny GP’s motion to quash the subpoenas on the basis of the arguments presented by GP.

In addition, GP entirely failed to comply with local rule DUCivR 37-1(a)(1) regarding responses/challenges to a Rule 45 subpoena. The local rule requires conferring in a good faith effort to first try to resolve the alleged dispute without assistance from the court. GP has utterly failed to confer with counsel for LHF before bringing this motion. This is confirmed by the lack

[2] Infringement is a tort. *E.g. Sony Corp. of Am. Universal City Studios, Inc.*, 464 U.S. 417 (1984); *Cable/Home Communications Corp. v. Network Prods., Inc.*, 902 F.2d 829 (11th Cir. 1990).

of certification by GP that the parties/counsel conferred before this Rule 45-related motion was brought. *Id.* (a)(3)-(4). GP's motion is procedurally premature and defective and should be stricken or denied.

Still further, GP has failed to attach a copy of the challenged subpoena to the present motion. All discovery type motions require clear identification of the dispute by pointing expressly to the demand. *Id.* (a)(4). GP has not presented the Court with the challenging subpoena. GP's motion is procedurally defective and should be stricken or denied.

LHF respectfully requests that GP's motion to proceed using a pseudonym (ECF 8) and motion to quash (ECF 9) be stricken or in the alternative be denied.

DATED this 15th day of March, 2017.

KIRTON McCONKIE

By: /s/Todd E. Zenger
Todd E. Zenger

Attorneys for Plaintiff
LHF PRODUCTIONS, INC.